**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN LAKE,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | No. 2:20-CV-2522-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 2.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Ralph Diaz, the Secretary of the California Department of Corrections and Rehabilitation (CDCR); (2) Patrick Covello, the Warden of Mule Creek State Prison (MCSP); (3) Wong-Do, a physician at MCSP; and (4) Jean Weiss.  See ECF No. 2, pgs. 1, 2.  While Plaintiff's complaint is less than clear, it appears his claim relates to parole consideration under California's Proposition 57.  See id. at 3.  For relief, Plaintiff seeks release from prison, as well as monetary damages.  See id. at 3, 6.

## II. DISCUSSION

The Court finds Plaintiff's complaint defective for two primary reasons, each of which is discussed in more detail below.  First, Plaintiff has not established a causal connection between any named defendant and a constitutional violation.  Second, to the extent success on the merits of Plaintiff's claim would necessarily result in his release under Proposition 57, Plaintiff's claim is not cognizable under § 1983.

### A. **Causal Connection**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff has not referenced any of the named defendants in his statement of claims. Plaintiff will be provided an opportunity to amend in order to allege how each of the defendants named in the complaint acted to violate Plaintiff's constitutional or statutory rights.

**B.**     ***Heck* Bar**

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future

1  parole consideration and not affect any earlier parole determination under the prior procedures).

2  While Plaintiff's claim is not clear, for relief he seeks release from prison.  It

3  appears Plaintiff asserts that his continued incarceration violates California's Proposition 57.  To

4  the extent the Court has correctly assessed the nature of Plaintiff's claim, the claim would be

5  barred if Plaintiff's conviction has not already been invalidated or overturned.  If Plaintiff wishes

6  to present a claim which would, if successful, result in his release from prison, he must do so by

7  way of a habeas corpus petition after exhausting available remedies in state court.  Plaintiff will

8  be provided an opportunity to amend to clarify the nature of his Proposition 57 claim.

9

10  ### III.  CONCLUSION

11  Because it is possible that the deficiencies identified in this order may be cured by

12  amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

13  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

14  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

15  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

16  amend, all claims alleged in the original complaint which are not alleged in the amended

17  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

18  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

19  Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

20  complete in itself without reference to any prior pleading.  See id.

21  If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

22  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

23  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

24  each named defendant is involved, and must set forth some affirmative link or connection

25  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

26  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

27  / / /

28  / / /

  Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

  Accordingly, IT IS HEREBY ORDERED that:

  1. Plaintiff's complaint is dismissed with leave to amend; and

  2. Plaintiff shall file a first amended complaint within 45 days of the date of service of this order.

Dated:  August 9, 2021

              _____
              DENNIS M. COTA
              UNITED STATES MAGISTRATE JUDGE